HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA R.D. CLAVETTE,<br><br>        Plaintiff,<br><br>    v.<br><br>SKAMANIA COUNTY SHERIFF, et al.,<br><br>        Defendants. | No. 12-cv-6027 RBL<br><br>Order<br><br>[Dkt. #6] |

## I.   INTRODUCTION

Before the Court is Plaintiff Claudia Clavette's application to proceed *in forma pauperis*. [Dkt. #1] and application for appointment of counsel [Dkt. #2].  For the reasons set forth below, the Court grants the application to proceed *in forma pauperis* and denies the application for appointment of counsel.

## II.   DISCUSSION

**A. Application to Proceed *In Forma Pauperis*.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th

Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The motion is granted

**B.     Motion for Appointment of Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent any person unable to afford counsel. Under § 1915, the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

This case does not present exceptional circumstances. The Complaint does not appear likely to succeed on the merits, and in any event, the factual and legal issues are clear. The motion is denied.

### III.     ORDER

For the reasons stated above, the Court **GRANTS IN PART** the Motion for Reconsideration (Dkt. #6). Plaintiff may proceed *in forma pauperis*.

Dated this 1st day of March 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE