HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA RD CLAVETTE, | CASE NO. C12-6027 RBL |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SKAMANIA COUNTY SHERIFF, WASHINGTON DEPARTMENT OF FISH AND WILDLIFE, OREGON STATE POLICE, et. al., | DKTS. #23, 25 |
| Defendant. | |

THIS MATTER is before the Court on Defendants' Motions to Dismiss.  [Dkts. #23, 25].

On April 7, 2009, the Washington Department of Fish and Wildlife and the Oregon State Police

searched Claudia Clavette's home and seized several items.  On September 3, 2009, a

Washington State Superior Court ruled the search unlawful and the State dropped all charges

pending against Clavette.  On December 14, 2009, the Court ordered the State to return

Clavette's property, but the State refused to comply.  WDFW finally returned some of Clavette's

property on February 11, 2010 and returned the rest in March 2010.  Many items were damaged.

On December 5, 2012, Clavette sued WDFW and OSP, claiming (1) the search harmed

her physically and emotionally, and (2) WDFW and OSP violated her Fourth Amendment rights

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

1  by unlawfully seizing her property and refusing to return it promptly and in good condition.  On

2  October 7, 2013, Clavette amended her complaint to name the individual officers who conducted

3  the search.  WDFW and OSP move to dismiss, claiming that (1) Clavette's claims are time-

4  barred and (2) Clavette's amended complaint does not relate back.

5                                    **I.    BACKGROUND**

6

7          On April 7, 2009, WDFW and OSP conducted a warranted search of Clavette's home.

8  During the search, Clavette was forcibly removed from her home, which upset her and caused

9  her preexisting shoulder injury to get worse.  The agencies seized numerous items, including

10 several firearms.  On September 3, 2009, a Washington State Superior Court ruled the search

11 unlawful and suppressed the evidence.  As a result, the State dismissed all charges pending

12 against Clavette.  On December 14, 2009, the Court ordered the State to return Clavette's

13 property.  In spite of that order, the State refused to return her property until she had produced

14
15 receipts proving she had legally purchased every single item.

16         On February 11, 2010, Clavette went to Yakima to retrieve her property, but WDFW still

17 refused to return any item for which she could not produce a receipt.  In March 2010, Clavette

18 went to Olympia, where she received the rest of her property.  Several items had been damaged.

19
20         On December 5, 2012, Clavette sued WDFW and OSP, claiming that (1) the unlawful

21 search caused her physical and emotional harm, and (2) WDFW and OSP violated her Fourth

22 Amendment rights by unlawfully seizing her property and failing to return it promptly and in

23 good condition.  After twice denying Clavette's *in forma pauperis* applications, the Court

24 granted IFP status on March 1, 2013.  On October 7, 2013, Clavette conceded that §1983 claims

25 cannot be brought against agencies and amended her complaint to name seven individual officers

26
27
28

1   who searched her home.  WDFW and OSP move to dismiss, arguing (1) Clavette's claims are

2   time-barred and (2) Clavette's amended complaint does not relate back to the original filing date.

3                                  **II.     DISCUSSION**

4   Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

5   theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

6   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state

7   a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, *Iqbal*, 129 S.

8   Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads

9   factual content that allows the court to draw the reasonable inference that the defendant is liable

10  for the misconduct alleged."  *Id.*  Although the Court must accept as true the Complaint's well-

11  pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise

12  proper Rule 12(b)(6) motion.  *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007);

13  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation

14  to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

15  and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations

16  must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead

18  "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at

19  1949 (citing *Twombly* ).

20      **A.      Clavette's claims are subject to a 3 year limitations period.**

21  Clavette correctly points out that suits to enforce a court order have a 10 year limitations

22  period.  However, this is a § 1983 claim, not a suit to enforce a court order.  In this district, §

23  1983 claims are subject to the Wash. Rev. Code § 4.16.080(2)'s three-year limitations period.

24  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).  The period begins

1    tolling when "the plaintiff knows or has reason to know of the injury."  *Two Rivers v. Lewis*, 174

2    F.3d 987, 991 (9th Cir. 2008).  Clavette's claims are subject to a 3 year limitations period[1].

3        **B.        Clavette filed her original complaint on December 5, 2012.**

4            On December 5, 2012, Clavette filed her complaint along with an application to proceed

5    *in forma pauperis*.  The Court denied her application twice before granting it on March 1, 2013.

6    Based on this fact, OSP suggests that "some question exists as to whether the original complaint

7    was filed in December 2012…or in March 2013, as noted by the Court in PACER."  The Court

8    disagrees.  Clavette filed her initial complaint on December 5, 2012.

9

10       **C.        Clavette's amended complaint does not relate back.**

11           Initially, Clavette only sued the agencies that searched her home.  On October 7, 2013,

12   she admitted her complaint was improper because § 1983 claims cannot be brought against

13   agencies.  At that time, she amended her complaint to replace the names of the agencies with the

14   names of the individual officers who conducted the search.

15

16           Replacing an agency's name with names of members of an agency is a change in parties,

17   not a substitution of parties.  *Smith v. City of Akron*, 476 Fed. Appx. 67, 69, 2012 WL 1139003.

18   When a plaintiff amends a complaint to name new parties, the amended complaint relates back if

19   (1) the claim is based on the same occurrence, (2) the new parties are told of the amendment

20   within 120 days, and (3) the new defendants "knew or should have known that the action would

21   have been brought against it, but for a mistake concerning the proper party's identity."  FRCP

22   15(c)(1)(C).  The first two elements have been satisfied.

23

24           Clavette's failure to ascertain the names of the individual defendants (and to timely name

25   them) is not the sort of "mistake" that leads to relation back under Rule 15.  In *Smith v. Akron*,

26   _____

27   [1] Clavette also argues that the Court should overlook the fact that she filed late because she suffers from bipolar
disorder, but this argument has been ignored because Clavette offers no legal basis for her assertion.

28

Smith sued the city, the police department, and several John Does for use of excessive force. Later, Smith amended his complaint to change the John Does to the names of the officers that actually harmed him.  The Court said that "Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Id*.  The Court reached the same conclusion in several other cases.  *See e.g.*, *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).

Clavette seeks to do essentially the same thing as Smith, except she did not even name any John Does in her original complaint.  Like Smith, Clavette did not make a mistake; she simply did not find out the names of the proper parties.  Her complaint, like Smith's, does not relate back.  She did not name the individual defendants—persons against whom a §1983 claim *can* be asserted until October 7, 2013.  By that time, the limitations period had expired.  All of Clavette's claims against the individual officers are time-barred, and the Defendants' Motion to Dismiss is **GRANTED.**

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

WDFW and OSP's motion to dismiss Clavette's claim that the search caused her physical and emotional harm is **GRANTED.**  WDFW and OSP's motion to dismiss Clavette's claim that the State unlawfully seized her property and failed to return it promptly and in good condition is **GRANTED.**

Dated this 5th day of December, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE